UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **AASIYAH MUHAMMAD**<br>**S.D.**<br>2633 Naylor Rd SE<br>Unit 101<br>Washington, D.C. 20020<br><br>*Plaintiffs*,<br>v.<br><br>**WILLIAM C. SMITH & COMPANY**<br>c/o Bradley J. Fennell<br>1100 New Jersey Ave. SE<br>Suite 1000<br>Washington, DC 20003<br><br>**NAYLOR OVERLOOK**<br>**REDEVELOPMENT LLC**<br>c/o Bradley J. Fennell<br>1100 New Jersey Ave. SE<br>Suite 1000<br>Washington, DC 20003<br><br>*Defendants*. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR VIOLATIONS OF THE REHABILITATION ACT,**
**FAIR HOUSING ACT, AND D.C. HUMAN RIGHTS ACT**

Plaintiffs Aasiyah Muhammad and S.D., by and through undersigned counsel, file this complaint against Defendants William C. Smith & Company and Naylor Overlook Redevelopment LLC for failing to provide a reasonable accommodation or modification, thereby denying them equal enjoyment of their housing in violation of federal and local law.

**INTRODUCTION**

1. Aasiyah Muhammad and her two children, S.D. and L.R., have rented an apartment owned by Naylor Overlook Redevelopment LLC and managed by William C. Smith ("W.C. Smith") since October 2023. During all relevant times, Ms. Muhammad was a participant in a government program that subsidized a portion of her rent.

2. S.D., who is six years old, is autistic. Like many people with autism, S.D. engages in self-stimulatory behavior, or stimming. Stimming often involves repeated behaviors or sounds that

people with autism engage in to self-soothe and regulate their senses. S.D. frequently stims by banging and making other noise. Before signing her lease, and again upon moving in, Ms. Muhammad informed Defendants about S.D.'s autism diagnosis.

3. In June 2024, Defendant W.C. Smith sent Ms. Muhammad a notice to cure or quit based on alleged noise complaints from neighbors. Ms. Muhammad again explained that S.D. has autism and any alleged noise stems from his disability. Instead of providing a reasonable accommodation or modification, Defendant W.C. Smith filed an action in D.C. Superior Court to evict Ms. Muhammad and her children from their home.

4. Defendants' refusal to provide a reasonable accommodation or modification violates the Rehabilitation Act, the Fair Housing Act, and the D.C. Human Rights Act. Plaintiffs bring this action seeking appropriate injunctive relief, damages, and all allowable civil penalties.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over claims brought under Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq.* and the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over claims brought under the D.C. Human Rights Act, D.C. Code § 2-1402.01 *et seq.* because those claims arise from the same events as Plaintiffs' federal claims and form part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to all claims occurred in the District of Columbia.

8. This Court has personal jurisdiction over Defendants because they do business in the District of Columbia and took the alleged actions against Plaintiffs within the District of Columbia.

## PARTIES

9. Plaintiff Aasiyah Muhammad is a District of Columbia resident living at Naylor Overlook Apartments in Southeast D.C.

10. Plaintiff S.D. is the six-year-old minor child of Plaintiff Muhammad. He is a District of Columbia resident living at Naylor Overlook Apartments. S.D. is autistic and therefore is an individual with a disability under the Rehabilitation Act, the Fair Housing Act, and the D.C. Human Rights Act.

11. Defendant William C. Smith & Co., Inc. is a corporation headquartered in the District of Columbia, organized and existing under the laws of the District of Columbia. W.C. Smith is the property manager for Naylor Overlook Apartments and agent of Defendant Naylor Overlook Redevelopment LLC.

12. Defendant Naylor Overlook Redevelopment LLC ("Naylor Redevelopment") is a limited liability corporation headquartered in the District of Columbia, organized and existing under the laws of the District of Columbia. Naylor Redevelopment owns Naylor Overlook Apartments.

## FACTS

13. Plaintiff Aasiyah Muhammad lives with her two minor children at Naylor Overlook Apartments. Her six-year-old son, S.D., has autism. He is nonverbal but often expresses himself using vocal stims such as high-pitched and loud noises. S.D. receives several behavioral services, including a personal aide, Individualized Education Plan, and therapy.

14. On or around June 20, 2024, Defendant W.C. Smith sent Ms. Muhammad a notice to cure or quit, alleging that she violated her lease by disturbing other residents with loud noises and jumping. Ms. Muhammad again reiterated to W.C. Smith that the noises were due to S.D.'s disability.

15. On or around September 11, 2024, Defendant W.C. Smith filed an eviction action against Ms. Muhammad, alleging that she failed to cure her lease violations. In the eviction action, W.C.

Smith alleges Ms. Muhammad failed to cure Paragraph 18 of her lease agreement and House Rule 31.

16. Paragraph 18 of the lease prohibits the tenant from using or allowing any part of the apartment to be used for "any disorderly or unlawful purpose" or doing anything in the apartment that will cause "inconvenience, annoyance or discomfort" to any other tenant.

17. Paragraph 25 of the lease incorporates House Rules and Regulations into the lease agreement. House Rule 31 acknowledges that "[s]ome noise from neighbors is inherent in multifamily living," but that "noise is not a problem" if "everyone is reasonable and considerate." House Rule 31 further prohibits tenants, their family, and guests from "heavy walking or other noise that will disturb those in adjacent units." Although the House Rules include provisions for service animals, there are no general provisions for tenants to request or receive a reasonable accommodation.

18. In the eviction action, Defendant W.C. Smith alleges that it received complaints "about a child jumping and making noise at night" on several dates between March 12 and September 6, 2024. At the time of each of these complaints, Defendant W.C. Smith knew that S.D. is autistic. Upon information and belief, W.C. Smith acknowledged that S.D. is entitled to a reasonable accommodation from the quiet hours but nonetheless filed the eviction action because of the neighbor's complaints.

19. On or around December 11, 2024, Ms. Muhammad sent a letter to W.C. Smith requesting a reasonable accommodation from the lease terms regarding noise and asked that the eviction case be dismissed.

20. On or around January 9, 2025, W.C. Smith refused to dismiss the eviction action and offered to discuss a conduct agreement.

21. On or around January 14, 2025, Ms. Muhammad, by and through counsel, informed W.C. Smith that due to S.D.'s disability, a conduct agreement would not be sufficient and reiterated

4

the reasonable accommodation request. Ms. Muhammad also suggested an alternative accommodation to W.C. Smith.

22. On or around January 29, 2025, W.C. Smith denied Ms. Muhammad's request to dismiss the eviction action, stating that it would follow up the next week with an alternative accommodation suggestion. It never did so.

23. On or around March 7, 2025, Ms. Muhammad, by and through counsel, informed W.C. Smith that based on their failure to respond, she considered her December 11, 2024 reasonable accommodation request effectively denied.

24. Defendant W.C. Smith still continues to seek Ms. Muhammad's eviction.

25. Defendant W.C. Smith has failed to provide a reasonable accommodation for S.D.'s disability as required under federal and District law. Plaintiffs are being denied their right to equal enjoyment and use of their home.

26. Defendant W.C. Smith, as the property manager of Naylor Overlook, is an agent of Defendant Naylor Redevelopment. Defendant Naylor Redevelopment is therefore vicariously liable for the actions of Defendant W.C. Smith.

## CLAIMS FOR RELIEF

### Count I

### Denial of a Reasonable Accommodation or Modification in Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

27. Plaintiffs reallege and incorporate by reference all of the allegations in paragraphs 1 through 26 above.

28. Section 504 of the Rehabilitation Act protects a qualified individual with a disability from discrimination on the basis of their disability. Under the Rehabilitation Act, a corporation that receives federal financial assistance cannot discriminate against or exclude an individual with a disability from that activity. Defendants receive federal financial assistance within the meaning of the Rehabilitation Act.

29. The Rehabilitation Act requires that Defendants make reasonable accommodations or modifications in policies, practices, and/or procedures if they may be necessary to avoid discrimination on the basis of disability.

30. S.D. is a qualified individual with a disability within the meaning of the Rehabilitation Act. The Rehabilitation Act incorporates the definition of an individual with a disability in the Americans with Disabilities Act ("ADA"). The ADA defines disability as a physical or mental impairment that substantially limits one or more of a person's major life activities. Autism qualifies as a disability under the ADA.

31. S.D., through his mother, made a request for a reasonable accommodation from Defendants' policies regarding noise or a modification. Defendants constructively denied the request by failing to respond or engage in an interactive process and continuing the eviction action against Plaintiffs.

32. Defendants' failure to provide a reasonable accommodation in its noise policies or to modify the unit to reduce the impact of the noise has caused Plaintiffs' injury. Plaintiffs have had to endure multiple noise complaints, visits from police officers, and an ongoing eviction proceeding.

33. By seeking to evict Plaintiffs and denying S.D.'s request for a reasonable accommodation, Defendants discriminated against S.D. on the basis of disability in violation of the Rehabilitation Act.

34. By refusing to provide a reasonable accommodation for S.D., Defendants denied him the opportunity to equally participate in and benefit from his housing in violation of 24 C.F.R. § 8.4.

## Count II

### Denial of Equal Access in
### Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

35. Plaintiffs reallege and incorporate by reference all of the allegations in paragraphs 1 through 34 above.

36. S.D. is a qualified individual with a disability within the meaning of the Rehabilitation Act.

37. Defendants receive federal financial assistance within the meaning of the Rehabilitation Act.

38. By seeking to evict Plaintiffs and denying S.D.'s request for a reasonable accommodation, Defendants discriminated against S.D. on the basis of disability in violation of the Rehabilitation Act.

39. Defendants' failure to provide a reasonable accommodation in its noise policies or to modify the unit to reduce the impact of the noise has caused Plaintiffs' injury. Plaintiffs have had to endure multiple noise complaints, visits from police officers, and an ongoing eviction proceeding.

40. By refusing to provide a reasonable accommodation for S.D., Defendants denied him the opportunity to equally participate in and benefit from his housing in violation of 24 C.F.R. § 8.4.

## Count III

### Violations of the Fair Housing Act (42 U.S.C. § 3604)

41. Plaintiffs reallege and incorporate by reference all of the allegations in paragraphs 1 through 40 above.

42. Under the Fair Housing Act, it is unlawful to make unavailable or deny a dwelling to any renter, or person associated with a renter, because of a disability. The Fair Housing Act defines discrimination to include the refusal to permit reasonable modifications or in rules, policies, practices, or services, when it may be necessary to provide full enjoyment of housing.

43. Naylor Overlook is a dwelling within the meaning of the Fair Housing Act.

44. Autism is a disability within the meaning of the Fair Housing Act.

45. Defendants knew of S.D.'s disability and that an accommodation of Defendants' noise policies may be necessary for Plaintiffs' full use and enjoyment of their home.

46. Defendants refused to make an accommodation after Ms. Muhammad's request and failed to engage in an interactive process to provide a reasonable accommodation or modification so that Plaintiffs could enjoy their home. As a result, Defendants failed to fulfill their role in determining a reasonable accommodation or modification.

47. Defendants' failure to provide a reasonable accommodation in its noise policies or to modify the unit to reduce the impact of the noise has caused Plaintiffs' injury. Plaintiffs have had to endure multiple noise complaints, visits from police officers, and an ongoing eviction proceeding.

48. By seeking to evict Plaintiffs and refusing to provide a reasonable accommodation, Defendants discriminated against Plaintiffs in violation of the Fair Housing Act.

### Count IV

**Violation of the D.C. Human Rights Act (D.C. Code § 2-1402.21)**

49. Plaintiffs reallege and incorporate by reference all of the allegations in paragraphs 1 through 48 above.

50. It is unlawful under the D.C. Human Rights Act to deny housing or make housing unavailable to a renter because of the disability of that renter, anyone residing in the rental, or anyone associated with that renter. Unlawful discrimination under the D.C. Human Rights Act includes refusing to make reasonable modifications or accommodations in rules, policies, practices, or services if a reasonable modification or accommodation is necessary to provide equal opportunity to use and enjoy housing.

51. Autism is a disability within the meaning of the D.C. Human Rights Act.

52. Defendants knew of S.D.'s disability and that an accommodation of Defendants' noise policies or other modification may be necessary for Plaintiffs' full enjoyment of their home.

53. Defendants refused to make an accommodation after Ms. Muhammad's request and failed to engage in an interactive process to provide a reasonable accommodation or modification so

that Plaintiffs could enjoy their home. As a result, Defendants failed to fulfill their role in determining a reasonable accommodation or modification.

54. By seeking to evict Plaintiffs and refusing to provide a reasonable accommodation, Defendants discriminated against Plaintiffs in violation of the D.C. Human Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

a. Enter a declaratory judgment finding that the Defendants violated the Rehabilitation Act, the Fair Housing Act, and the D.C. Human Rights Act.

b. Enter an injunction prohibiting Defendants from evicting Plaintiffs on the basis of S.D.'s disability.

c. Enter an injunction directing Defendants to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described above and to prevent similar discrimination in the future.

d. Enter judgment awarding Plaintiffs compensatory damages against Defendants in an amount to be determined at trial.

e. Enter judgment awarding Plaintiffs punitive damages in an amount to be determined at trial.

f. Enter judgment awarding Plaintiffs costs and attorneys' fees in this action.

g. Any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiffs request a trial by jury.

By  /s/ Megan D. Browder
Megan D. Browder (D.C. Bar No. 1552273)

                        Cali Gill (D.C. Bar No. 90020150)*
                        Phylicia Hill (D.C. Bar No. 90020163)*
                        Legal Aid DC
                        1331 H Street, NW, Suite 350
                        Washington, D.C. 20005
                        Telephone:  (202) 661-5967
                        Fax:  (202) 727-2132
                        E-mail:  mbrowder@legalaiddc.org

                        Attorneys for Plaintiffs
                        * *Pro hac vice application forthcoming*

Dated:  April 25, 2025